IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-HC-2185-BO

| | | |
|---|---|---|
| WARREN C. WILSON, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| WARDEN JONATHAN MINOR, | ) | |
| Respondent. | ) | |

Thomas Wilson, a D.C. Code Offender, petitions for a writ of habeas pursuant to 28 U.S.C. § 2241. Petitioner was housed at Rivers Correctional Institution at the time he filed his habeas petition. On October 15, 2010, however, petitioner was released from incarceration. Petitioner's section 2241 petition asserts that the United States Parole Commission's decision to revoke his parole was unlawful. Respondent contends that petitioner's section 2241 claim should be dismissed because he failed to exhaust his administrative remedies. Petitioner has not filed a response, and the matter is ripe for determination.

A person seeking judicial review of an agency action must first exhaust the available appeals of the agency. See Timms v. Johns, 627 F.3d 525, 530-31 (4th Cir. 2010) ("As a general rule, in the absence of exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent, courts require[ ] exhaustion of alternative remedies before a prisoner can seek federal habeas relief.") (internal quotations omitted).

After the decision to revoke parole is made, the parolee may appeal the Commission's decision to the Parole Commission's National Appeals Board pursuant to 28 C.F.R. § 2.26, which has been made applicable to D.C. Code parolees by 28 C.F.R. § 2.105(g). On January 20, 2010, petitioner was advised of his right to appeal by the "Notice of Action." (Mot. to Dismiss

with Incorp. Mem. of Law, "Notice of Action", Gov't Ex. M) Petitioner failed to appeal the Commission's decision, and the time for filing an appeal has expired. See 28 C.F.R. § 2.26(a)(2) (requiring the appeal to be filed within 30 days of entry of the decision that is the subject of the appeal). (Id., Decl. Krapels, Gov. Ex. O). Thus, petitioner has failed to properly exhaust his administrative remedies.

Accordingly, respondent's motion to dismiss (D.E. # 8) is ALLOWED and petitioner's section 2241 action is dismissed without prejudice. The case is CLOSED.

SO ORDERED, this 10 day of January 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE